# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DIDION MILLING, INC.,**

        **Plaintiff,**

        v.                                     **Case No. 05-C-227**

**AGRO DISTRIBUTION, LLC,**

        **Defendant.**

## ORDER ON PENDING MOTIONS

On March 25, 2003, Didion Milling, Inc. ("Didion") filed suit against Terra International, Inc. ("Terra") and Agro Distribution, LLC ("Agro") in Milwaukee County Circuit Court. (Case No. 2003CV2741.) On June 4, 2003, the defendants removed the case to federal court and it was randomly assigned to Senior Judge Thomas J. Curran. (Case No. 03-C-516.) On June 28, 2004, Agro moved for partial summary judgment and on August 3, 2004, the motion was denied by Judge Curran. On August 16, 2004, Didion filed a motion for partial summary judgment, which was denied by Judge Curran on October 15, 2004. On January 6, 2005, the parties submitted a stipulation of dismissal of that case without prejudice.

On February 28, 2005, Didion filed the present action, which was reassigned to this court upon all parties' consent to the full jurisdiction of a magistrate judge. The complaint raises breach of contract, accounting, and tortious interference with contract claims against defendants Terra and Agro. On April 1, 2005, Agro answered the complaint and filed a counterclaim against Didion seeking declaratory judgment regarding the assignment of contract and alleging four distinct breach of contract causes of action and one cause of action for negligent property damage. On April 26,

2005, then-defendant Terra similarly answered and filed a counterclaim against Didion. On December 27, 2005, pursuant to the parties' stipulation, this court entered an order dismissing Terra as a defendant, dismissing Terra's counterclaim against Didion, and dismissing Didion's tortious interference of contract cause of action against Agro.

On May 1, 2006, Agro filed a motion for partial summary judgment seeking dismissal of Didion's complaint and judgment on Agro's breach of contract claims. Agro also filed a motion in limine seeking to exclude Didion's accounting expert. On June 20, 2006, Didion responded to Agro's motions and on June 20 and 22, 2006, respectively, filed motions to supplement the record and to strike portions of Jonathan C. Miesen's ("Miesen") supplemental affidavit. On March 2, 2007, the court resolved these motions and on March 20, 2007, the court clarified and modified its March 2, 2007 order.

On June 19, 2007 Agro filed a motion to dismiss counts five, six and a portion of count three of its counterclaims and seeking enforcement of the asset purchase agreement ("APA"), as requested in count one of its counterclaim. (Docket No. 83.) On July 10, 2007, Didion filed a motion seeking to dismiss count one of Agro's counterclaim. (Docket No. 87.) On July 23, 2007, Agro filed a motion seeking to strike Didion's motion for summary judgment. (Docket No. 93.) The pleadings on these motions are closed and the matters are ready for resolution. A final pretrial conference is scheduled for 11:00 A.M. on September 5, 2007, and a court trial is scheduled to commence at 9:00 A.M. on September 17, 2007.

**FACTUAL SUMMARY**

This matter comes before this court based upon the diversity of the parties. Didion formerly operated a grain merchandising business at five locations in Wisconsin. (Hybertson Aff. ¶3.) In the Spring of 1997, Didion agreed to sell this business to Terra. (Hybertson Aff. ¶4.) The terms of this sale were set forth in an asset purchase agreement ("APA"), which is included in the record as

Exhibit A to the complaint. The APA contained an "earn-out" payment provision under which Terra agreed to pay to Didion additional sums if the net cash flow of the grain business exceeded certain "hurdles" during the five years following the sale. (APA § 2.2.1.)

Although the grain business became a part of Terra's overall operations, which included fertilizer manufacturing, fertilizer sales, and seed sales, (Miesen Aff., Ex. C, Rector Dep. I, pp. 14, 22; DPFF ¶4), the grain operation was treated as an independent business for the purposes of calculating its net cash flow. The APA contained a list of nine, non-exhaustive "guidelines" that set forth how the net cash flow of the grain business should be calculated. (APA § 6.3.)

Despite a provision in the APA prohibiting assignment of the contract without Didion's written consent, (APA § 13.7), Terra nonetheless sold the grain business to Cenex/Land O'Lakes Agronomy Company, (Hybertson Aff. ¶7), who in turn sold the grain business to Agro (Hybertson Aff. ¶8). Agro is a limited liability company whose sole member is another limited liability company, Agriliance. The members of Agriliance are Land O'Lakes, Inc., and United Country Brands, LLC, whose sole member is Cenex Harvest States Cooperatives.

It was not until Agro's acquisition that the grain business produced a sufficient net cash flow to generate any annual earn out payments. (Hybertson Aff. ¶10.) When owned by Agro, the grain business was able to generate earn out payments totaling $934,113.00. (Hybertson Aff. ¶¶10, 12.) Pursuant to the terms of the APA, two-thirds of these earn out payments were paid directly to Didion and the remaining one-third was to be deposited into an escrow account. (APA § 2.2.1; Hybertson Aff. ¶5.) Because Agro and Didion were not able to agree upon the terms of an escrow agreement, the earn out payments that should have been held in escrow were instead deposited into the trust account of the law firm retained by Didion. (Hybertson Aff. ¶11.)

The parties agreed in the APA that if the total net cash flow for the grain business did not equal $4,000,000.00, then two-thirds of the shortfall would be paid from the escrow fund to the

buyer. (APA § 2.2.2.) Over the five year earn out period, based upon Agro's calculations, the grain business generated net cash flow in the amount of $3,219,172.00, and thus there was a shortfall of $780,828.00. (Hybertson Aff. ¶13.) Under the terms of the APA, Agro was entitled to two-thirds of the shortfall, or $523,154.76. (APA § 2.2; Hybertson Aff. ¶13.) However, only $311,371.00 had been deposited, and thus Agro's claim was limited to the balance of the escrow funds held in the trust account. (Hybertson Aff. ¶13.) Didion, however, claims that the net cash flow exceeded $4,000,000.00 during the five year earn out period, and thus Agro is not entitled to the balance of the funds held in trust.

Following the court's order of March 2, 2007, the only claims remaining for trial are counts one, three (paragraph 28), five, and six of Agro's counterclaim. Didion does not object to Agro's motion to dismiss counts three (paragraph 28), five, and six, but argues that the dismissal should be with prejudice. As for count one, Didion argues that it, rather than Agro, should be granted summary judgment as to this claim.

**COUNT ONE**

Didion argues that the court has not previously ruled that the Agro was entitled to enforce the APA against Didion. Further, Didion argues that Agro's request that the court declare now that Agro is entitled to enforce the APA against Didion is procedurally inadequate. On the merits, Didion argues that the non-assignment provision contained in the APA is valid and enforceable; therefore, the APA was not properly assigned to Agro and, consequently, Didion is entitled to summary judgment as to count one of Agro's counterclaim.

The court did not previously explicitly resolve count one of Agro's counterclaim in which Agro seeks declaratory judgment that Agro is the lawful assignee of the APA. This was because Agro never moved for summary judgment as to this count, and the issue was not directly before the court. However, the court did note that,

4

> [t]his lawsuit commenced by Didion is premised upon the fact that the APA was assigned to Agro, albeit without Didion's consent. In its response, Didion makes it clear that it did not consent, but without the assignment of the APA, Didion lacks any basis for making its claims against Agro. Similarly, at no point does Agro ever raise the defense that it is not bound to the terms of the APA because Terra's assignment was ineffective since it lacked Didion's consent. It is only in response to Agro's counterclaim that Didion affirmatively attempts to raise the issue of non-assignment. Didion cannot have it both ways. It cannot claim Agro is obligated under the terms of the APA in regard to the complaint, but is foreclosed from seeking relief for Didion's alleged breaches of the APA.

(Docket No. 74 at 27.)

Didion's causes of action against Agro were all dependent upon the assignment of the APA to Agro. Absent assignment of the APA and a contractual relationship between Didion and Agro, these claims would have been baseless. Although Didion noted its objection to the validity of the assignment by raising the issue as an affirmative defense in its answer to Agro's counterclaim and by making passing reference to its objection in the pleadings regarding the parties' prior motions for summary judgment, these objections were more pro forma than substantive. To the extent that Didion may have preserved these challenges, they were effectively abandoned when Didion filed its motion for summary judgment seeking to enforce the APA against Agro. Didion's motion for summary judgment on its claim that Agro breached the APA is entirely inconsistent with its present claim that the APA is unenforceable by Agro because the assignment was ineffective. Further, Didion did not raise the argument that the APA was improperly assigned as an affirmative defense in response to Agro's motion for summary judgment as to its claim seeking the amounts held in trust by Didion's attorneys, a claim that similarly depended upon the validity of the assignment of the APA.

In failing to substantively pursue its position that the APA was improperly assigned, and in fact, arguing the direct opposite, Didion abandoned this argument and is precluded from reviving it now. See, e.g., Zimmer Tech., Inc. v. Howmedica Osteonics Corp., 476 F. Supp. 2d 1024, 1039

5

Case 2:05-cv-00227-AEG   Filed 08/17/07   Page 5 of 8   Document 101

(N.D. Ind. 2007) (citing Palmer v. Marion County, 327 F.3d 588, 597-99 (7th Cir. 2003); Medley v. City of Milwaukee, 969 F.2d 312, 317 (7th Cir. 1992)). It certainly is not surprising that Didion now seeks to again wave the anti-assignment flag given that the court has already rejected all of Didion's claims against Agro which flowed from the APA. Didion's efforts to use the APA as a sword against Agro have failed, and this court will not now permit Didion to completely reverse course and attempt to use the APA as a shield against Agro's claims. Such mid-litigation reversal is impermissible.

Clearly, this case could have been resolved more efficiently if Agro had included count one of its counterclaim in its motion for summary judgment. Notwithstanding, at this junction, the court would be completely disregarding judicial efficiency by requiring a trial on what is entirely a legal issue that was necessarily, although not perhaps not explicitly, decided by the court's earlier decision and order resolving the parties' motions for summary judgment. Thus, the court construes Agro's motion to dismiss as including a motion for summary judgment on count one of the counterclaim, which seeks a declaratory judgment. Although admittedly there are procedural inadequacies in Agro's motion, these inadequacies have not resulted in prejudice to Didion. Didion has had more than ample opportunity to fully state its position on count one, and has, in turn, responded with its own motion for summary judgment, which, somewhat ironically, Agro has moved to strike as procedurally inadequate. Further, this is one of those rare situations where strict enforcement of the court's procedural rules would undermine judicial efficiency by requiring the parties and the court to engage in an otherwise unnecessary trial. This is a situation where substance must trump procedure. Therefore, the court shall grant summary judgment in favor of Agro as to count one of its counterclaim, and deny Didion's motion for summary judgment as to this count. The court shall also deny Agro's motion to strike Didion's motion for summary judgment.

**COUNTS THREE, FIVE, AND SIX**

Didion argues that the dismissal should be with prejudice because this is the second time that these claims have been voluntarily dismissed. In reply, Agro does not object to a dismissal with prejudice provided the court grants Agro's motion regarding count one and denies Didion's cross-motion for summary judgment. Having granted Agro's motion and denied Didion's motion regarding count one of Agro's counterclaim, the court shall grant Agro's motion that the remaining unresolved counts of Agro's counterclaim be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Agro's motion to dismiss its counterclaims, (Docket No. 83), is **granted**. Counts three (paragraph 28), five, and six of Agro's counterclaim are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that Agro's motion for summary judgment as to count one of its counterclaim, (Docket No. 83), is **granted**.

**IT IS FURTHER ORDERED** that Didion's motion for summary judgment, (Docket No. 87), is **denied**.

**IT IS FURTHER ORDERED** that Agro's motion to strike Didion's motion for summary judgment, (Docket No. 93), is **denied**.

**IT IS FURTHER ORDERED** the final pretrial conference scheduled for September 5, 2007 at 11:00 A.M. is converted to a telephone status conference. The court shall initiate the call. Prior to this telephone status conference, the parties shall confer in an effort to agree upon the form of final judgment in this case. If the parties are able to agree, the plaintiff shall file the mutually agreed upon proposed final judgment form with the court no later than 12:00 P.M. (noon) on September 4, 2007. If the parties are unable to agree, Agro shall file its proposed final judgment form no later than 12:00 P.M. (noon) on September 4, 2007. Didion may file its proposed final

judgment form no later than 12:00 P.M. (noon) on September 4, 2007. The court trial scheduled for September 17, 2007 is removed from the court's calendar.

Dated at Milwaukee, Wisconsin this 17th day of August, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge

8
Case 2:05-cv-00227-AEG   Filed 08/17/07   Page 8 of 8   Document 101