# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DIDION MILLING, INC.**,

        Plaintiff,

   v.                          **Case No. 05-CV-227**

**ARGO DISTRIBUTION, LLC.,**

        Defendant.

### DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS

On September 5, 2007, final judgment was entered in this case in favor of the defendant Argo Distribution, LLC. and against the plaintiff Didion Milling, Inc. The judgment provided that the defendant could proceed to make application to recover its costs and attorney fees. On September 6, 2007, the defendant filed its motion for recovery of attorney fees and additional costs not recoverable under Civil Local Rule 54.2. Attached to the defendant's motion was a legal memorandum, together with an affidavit of defendant's counsel, to which numerous documents in support of the motion were appended.

The plaintiff initially indicated that it wanted an opportunity to present evidence in opposition to the motion, and the court established a briefing schedule on the motion. No opposition to the motion was received, the court made inquiry of plaintiff's attorney, and by letter dated October 12, 2007, counsel for the plaintiff advised the court that "Didion Milling will not be responding to Agro Distribution's motion."

Notwithstanding the lack of opposition to the motion, it is still incumbent upon the court to review the request to make certain that the award sought is both reasonable and necessary. Defendant seeks an award of attorney fees in the amount of $163,265.00 and additional costs in the amount of $29,717.95. The basis for the defendant's request is found in the Asset Purchase Agreement ("APA") which states that the "losing party" is to pay the attorney fees and costs incurred by the other party as a result of any "litigation of disputes" under the agreement. "Disputes" is defined as "any dispute between the parties . . . concerning performance under or interpretation under. . ." the APA. See sections 12.3.2 and 12.1 of the APA. It is clear that the defendant was the prevailing party in this action, and the contract between the parties entitles the defendant to recover attorney fees and costs.

Addressing the matter of costs, the court notes that on October 30, 2007, the Clerk of Court taxed costs in favor of the defendant in the amount of $6,812.55. A review of the bill of costs submitted to the Clerk indicates that this amount is for the expense of deposition transcripts. The current submission includes expert fees, witness fees, mediation fees, document production costs and travel expenses. Counsel for the defendant estimates that approximately 10% of the costs do not relate to the APA and that amount has been deducted.

The court has reviewed the costs and determines that they are both necessary and reasonable. They shall be allowed in the amount of $29,717.95.

The review of attorney fees entails a two prong approach. First, whether the hourly rate is reasonable, and second, whether the services provided were both necessary and reasonable. As with the cost submission, counsel for the defendant has culled the records and determined that $5,982.50 of the work billed does not relate to APA matters; this amount was deducted from the request. All

the work in this case was performed by attorney Jonathan Miesen. Although the complaint in this case was filed in February, 2005, a prior action involving the APA was filed in 2003 in this district (Case No. 03-C-516). Pursuant to an agreement between the parties, that case was dismissed without prejudice, with the right to re-file the action on or before March 1, 2005. The parties filed the second action, and then participated in mediation. Mediation efforts were not successful, and the second action was carried on through resolution. Therefore, attorney Miesen's involvement in this dispute covers the period from 2003 to 2007.

In regard to his hourly rate, attorney Miesen sets forth his rates that were in place during the pendency of the prior and current action. They range from $225.00 an hour in 2003 to $345.00 an hour in 2007. Miesen also briefly states his legal background and experience, and how his rates compare with other attorneys in his firm and within the community. The court finds that the hourly rates charged by attorney Miesen in this matter are reasonable.

In regard to the services rendered, attorney Miesen billed a total of 654.30 hours over the almost five year period involved. Although this court was only involved in the second and current action, the litigation could easily be characterized as vigorously contested. Both the complaint and counterclaim contained numerous causes of action. A third party was initially involved, but the plaintiff and the other defendant Terra International resolved their dispute. In pretrial preparation, numerous depositions were taken and expert witnesses were involved. Following the completion of extended discovery, both parties filed partial motions for summary judgment. A motion in limine and a motion to strike were also filed in conjunction with these motions. Following the court's decision on March 2, 2007, and a clarification of that decision, the parties filed a motion to dismiss, a motion for summary judgment and a motion to strike the motion for summary judgment. The court

entered a decision on these motions on August 17, 2007, and it was that decision which resulted in judgment being entered. Throughout the proceedings, complex factual and legal issues were presented to the court.

This court acknowledges that any review of a request for attorney fees could be viewed as "Monday morning quarterbacking," but this is simply the way the system operates. It is not until the litigation is completed that the court is able to determine who is the prevailing party, and the issues or claims on which that party was successful. In any event, the court has reviewed the attachments submitted by attorney Miesen in support of the request for attorney fees. Exhibit C contains Miesen's billing hours for specified services rendered. First of all, since the parties agreed that all discovery obtained in the first action could be used in the second, there appears to be no duplication of services between the two actions. In this regard, the parties agreed at the first scheduling conference held by the court, that they would only file summary judgment motions that were based on new evidence obtained, and not revisit the motions filed in the prior litigation. This further substantiates that there was no significant duplication of services rendered, other than any ordinary and necessary review of past matters that occurs in any case. Second, since Miesen was the only attorney providing services for the defendant, there was no duplication of services within his firm. Finally, and as mentioned above, Miesen has deducted those services not related to the APA, and also did not charge the client for certain otherwise billable work performed.

The court concludes that the request for attorney fees is reasonable, and that the work performed was both reasonable and necessary in order to adequately represent the defendant in this litigation. Therefore, the court will award the defendant attorney fees in the total amount of $163,265.00.

Accordingly, IT IS HEREBY ORDERED:

1. The defendant's motion for the recovery of attorney fees in the amount of $163,265.00 and costs in the amount of $29,717.95 is **granted**; and

2. The Clerk of Court shall enter an amended judgment to reflect the foregoing award.

Dated at Milwaukee, Wisconsin this 16th day of November, 2007.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge